IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID CROCKETT STUART, JR.                                               PLAINTIFF

    v.                         Civil No. 2:21-cv-02038-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                           DEFENDANT

## AMENDED MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 33, 34). On October 17, 2022, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $8,006.81, representing: a total of 2.50 attorney hours for work performed in 2020, at an hourly rate of $202.83; 31.85 attorney hours in 2021, at a rate of $206.00 per hour; 4.15 attorney hours in 2022, at an hourly rate of $221.00; and $21.48 in expenses for service of process. (ECF No. 33). On October 19, 2022, the Commissioner filed a response objecting to Plaintiff's motion on the ground that the Commissioner's position was substantially justified. (ECF No. 36).

### I.    Discussion

Under the Equal Access to Justice Act, the prevailing party in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Secretary bears the burden of proving the denial of benefits was substantially justified. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (per curiam). Substantially justified means the government's position "has a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*,

487 U.S. 552, 566 n. 2 (1988) (internal quotation marks omitted)). Although the Government's decision to deny benefits may be substantially justified, even if it not supported by substantial evidence, an ALJ's failure to follow agency regulations or circuit precedent can support a finding that the Commissioner was not "substantially justified" in opposing a Plaintiff's claim for Social Security benefits. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (holding fees are not awarded simply because the case is reversed); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (position not substantially justified where ALJ "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations"); *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (awarding fees where ALJ "failed to follow established precedent by failing to pursue the psychological aspect of disability, obtain the medical records of a treating physician, or analyze claim of pain under *Polaski*"); *Trundle v. Bowen*, 830 F.2d 807, 810–11 (8th Cir. 1987) (concluding position was not substantially justified based, in part, on ALJ's failure to follow *Polaski* guidelines); *Cornelia v. Schweiker*, 728 F.2d 978, 985 (8th Cir. 1984) ("It was not reasonable for the Secretary to ignore her own regulations.").

For an impairment to be considered severe, it must meet a twelve-month durational requirement and significantly limit the Plaintiff's physical or mental ability to perform basic work activities. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006) (durational requirement); *Kirby*, 500 F.3d at 707 (significant limitation on basic work activities required). However, in assessing RFC, the ALJ must consider limitations and restrictions imposed by all the Plaintiff's impairments, both severe and not severe. 42 U.S.C. §§ 404.1545(e), 416.945(e); *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p, (S.S.A. 1996) 1996 WL 37418, *5.

While the Commissioner is correct in her assertion that this case was remanded on a single issue, namely the effect of Plaintiff's ulnar nerve palsy on his RFC, she is not correct in her

assertion that her position is justified.  The ALJ found the Plaintiff's ulnar palsy to be a non-severe impairment and failed to properly account for it in the RFC.  It was not reasonable for her to ignore both statutes and the Commissioner's regulations concerning formulation of the RFC.  As such, we do not find the Commissioner's decision to be substantially justified.

We also look to the language of 28 U.S.C. § 2412(d)(1)(A), which provides that a prevailing party should be awarded fees unless "special circumstances make an award unjust." While there are no "special circumstances" in this case, we find that denial of fees to counsel whose efforts brought about a reversal and remand would be unfair.

Consequently, it is the opinion of the undersigned that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $8,006.81, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for attorney hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.     Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$8,006.81** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 25th day of October 2022.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE